UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PRESQRIBER, LLC, | |
|      Plaintiff, | Civil Action No. 6:14-cv-00461 |
| v. | JURY TRIAL DEMANDED |
| QUADRAMED CORPORATION, | |
|      Defendant. | |

## ANSWER

Defendant QuadraMed Corporation ("QuadraMed") answers Plaintiff Presqriber, LLC's ("Presqriber") Complaint (ECF No. 1) as follows:

### PARTIES AND JURISDICTION

1.     QuadraMed admits that the Complaint purports to state a claim for alleged patent infringement arising under Title 35 of the United States Code and that Presqriber seeks injunctive relief and damages in its Complaint, but denies the remaining allegations of Paragraph 1.

2.     Paragraph 2 states a conclusion of law regarding subject matter jurisdiction, to which no response is required.  QuadraMed does not contest that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).  QuadraMed otherwise denies the remaining allegations of Paragraph 2.

3.     QuadraMed lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

4.     Paragraph 4 states a conclusion of law regarding personal jurisdiction, to which no response is required.  QuadraMed admits that it is a corporation formed in Delaware with

offices at 12110 Sunset Hills Road, Suite 600, Reston, VA 20190; it has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.  QuadraMed does not contest that this Court may exercise personal jurisdiction over QuadraMed.  QuadraMed otherwise denies the remaining allegations of Paragraph 4.

5.     QuadraMed admits that certain Electronic Health Record solutions of QuadraMed are used and offered for sale in the Eastern District of Texas.  QuadraMed otherwise denies the remaining allegations of Paragraph 5.

## VENUE

6.     Paragraph 6 states a conclusion of law regarding venue, to which no response is required.  QuadraMed does not contest that this venue is proper in this District.  QuadraMed otherwise denies the remaining allegations of Paragraph 6.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 5,758,095)

7.     QuadraMed repeats and re-alleges its responses to Paragraphs 1 through 6 of the Complaint as if fully set forth herein.

8.     QuadraMed admits that the Complaint purports to state a claim for alleged patent infringement arising under the patent laws of the United States, but denies the remaining allegations of Paragraph 8.

9.     QuadraMed lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and therefore denies them.

10.     QuadraMed admits that United States Patent No. 5,758,095 ("the '095 Patent") is entitled "Interactive Medication Ordering System" and that a purported copy of the '095 Patent

is attached as Exhibit A to the Complaint.  QuadraMed otherwise denies the remaining allegations of Paragraph 10.

11.     QuadraMed denies the allegations of Paragraph 11.

12.     QuadraMed denies the allegations of Paragraph 12.

**(Direct Infringement)**

13.     QuadraMed denies the allegations of Paragraph 13.

**(Indirect Infringement – Inducement)**

14.     QuadraMed denies the allegations of Paragraph 14.

15.     QuadraMed admits that it has had knowledge of the '095 Patent at least from the time of service of the Complaint.  QuadraMed otherwise denies the remaining allegations of Paragraph 15.

16.     Paragraph 16 states a conclusion of law regarding notice, to which no response is required.  QuadraMed otherwise denies the remaining allegations of Paragraph 16.

17.     QuadraMed denies the allegations of Paragraph 17.

18.     QuadraMed denies the allegations of Paragraph 18.

19.     QuadraMed denies the allegations of Paragraph 19.

20.     Paragraph 20 states a conclusion of law regarding alleged compliance with 35 U.S.C. § 287, to which no response is required.  To the extent a response is required, QuadraMed lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.  QuadraMed otherwise denies the remaining allegations of Paragraph 20.

## DEMAND FOR JURY TRIAL

21.     QuadraMed admits that the Complaint seeks a jury trial on all issues so triable by right.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, QuadraMed asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

QuadraMed has not infringed directly or indirectly (either individually or jointly), literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of, any valid, enforceable claim of the '095 Patent.  QuadraMed is not willfully infringing, and has not willfully infringed, any valid, enforceable claim of the '095 Patent.

## SECOND AFFIRMATIVE DEFENSE

The asserted claims of the '095 Patent are invalid for failing to satisfy one or more requirements for patentability set forth in the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

## FOURTH AFFIRMATIVE DEFENSE

Presqriber's claim for damages is statutorily limited by 35 U.S.C. §§ 286 and/or 287.

## FIFTH AFFIRMATIVE DEFENSE

QuadraMed has engaged in all relevant activities in good faith, thereby precluding

Presqriber, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under

35 U.S.C. § 285.

## SIXTH AFFIRMATIVE DEFENSE

Presqriber is estopped from asserting its infringement claims against QuadraMed under

the doctrines of prosecution history estoppel and/or prosecution history disclaimer.

DATED:   August 1, 2014                         Respectfully submitted,


                                                 /s/ Brian M. Koide_____
                                                Brian M. Koide (459973)
                                                CROWELL & MORING LLP
                                                1001 Pennsylvania Avenue, N.W.
                                                Washington, D.C. 20004-2595
                                                Telephone: (202) 624-2931
                                                Facsimile: (202) 628-5116
                                                bkoide@crowell.com

                                                *Attorney for Defendant QuadraMed Corporation*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 1, 2014 I caused a copy of the foregoing Answer to be served electronically via the Court's CM/ECF system on all counsel who have consented to electronic service, pursuant to Local Rule CV-5(a)(3).

/s/ Brian M. Koide
Brian M. Koide (459973)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
Telephone: (202) 624-2931
Facsimile: (202) 628-5116
bkoide@crowell.com
